IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 AUG -6 PM 2:39
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1, <br><br> PLAINTIFF, <br><br> V. <br><br> OAK HOLLOW AT SACRAMENTO CALIFORNIA, LLC; SIERRA VILLAGE AT SACRAMENTO CALIFORNIA, LLC; BLUFFS AT CASTLE ROCK COLORADO, LLC; CENTER POINTE EAST COLORADO, LLC; APARTMENTS AT PALM HARBOR FLORIDA, LLC; WOODCHASE GEORGIA, LLC; PALMETTO SOUTH CAROLINA, LLC; PEPPERHILL SOUTH CAROLINA, LLC; DOVE LANDING VA PORTFOLIO I, LLC; DOVE LANDING VA PORTFOLIO II, LLC; DOVE LANDING VA PORTFOLIO III, LLC; DOVE LANDING VA PORTFOLIO IV, LLC; DOVE LANDING VA PORTFOLIO V, LLC; DOVE LANDING VA PORTFOLIO VI, LLC; DOVE LANDING VA PORTFOLIO VII, LLC; DOVE LANDING VA PORTFOLIO VIII, LLC; DOVE LANDING VA PORTFOLIO IX, LLC; AUSTIN TEXAS WILDWOOD APARTMENTS, LP; AUSTIN TEXAS WILDWOOD APARTMENTS, LLC; AUSTIN TEXAS CLUBCREEK APARTMENTS, LP; AUSTIN TEXAS CLUBCREEK APARTMENTS, LLC; VILLAGE AT RIVERSIDE APARTMENTS TEXAS, LP; and VILLAGE AT RIVERSIDE APARTMENTS TEXAS, LLC, <br><br> DEFENDANTS. | 09-MC-0051 <br><br> CIVIL ACTION NO. A09CA591 SS <br><br> **FILED** <br> UNITED STATES DISTRICT COURT <br> DENVER, COLORADO <br><br> AUG 1 2 2009 <br><br> GREGORY C. LANGHAM <br> CLERK |

**AGREED ORDER GRANTING PLAINTIFF'S
APPLICATION FOR APPOINTMENT OF RECEIVER**

Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse

First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series

2007-C1 ("**Plaintiff**"), acting by and through Midland Loan Services, Inc., a Delaware corporation, as special servicer pursuant to a Pooling and Servicing Agreement dated March 1, 2007, filed Plaintiff's Original Complaint ("**Complaint**") against Defendants.[1] In the Complaint, Plaintiff asserts a number of counts, one requesting the appointment of a receiver.

The Court has reviewed the papers filed in this matter and has considered any statements offered by counsel. Being duly advised in the premises and for good cause shown, the Court hereby finds and orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The appointment of a receiver for the Properties,[2] is proper for good cause shown.

---

[1] As defined in the Complaint, "**Defendants**" shall mean: (i) Oak Hollow at Sacramento, LLC, a Delaware limited liability company; (ii) Sierra Village at Sacramento California LLC, a Delaware limited liability company; (iii) Bluffs at Castle Rock Colorado, LLC, a Delaware limited liability company; (iv) Center Pointe East Colorado, LLC, a Delaware limited liability company; (v) Apartments at Palm Harbor Florida, LLC, a Delaware limited liability company; (vi) Woodchase Georgia, LLC, a Delaware limited liability company; (vii) Palmetto South Carolina, LLC, a Delaware limited liability company; (viii) Pepperhill South Carolina, LLC, a Delaware limited liability company; (ix) Dove Landing VA Portfolio I, LLC, a Delaware limited liability company; (x) Dove Landing VA Portfolio II, LLC, a Delaware limited liability company; (xi) Dove Landing VA Portfolio III, LLC, a Delaware limited liability company; (xii) Dove Landing VA Portfolio IV, LLC, a Delaware limited liability company; (xiii) Dove Landing VA Portfolio V, LLC, a Delaware limited liability company; (xiv) Dove Landing VA Portfolio VI, LLC, a Delaware limited liability company; (xv) Dove Landing VA Portfolio VII, LLC, a Delaware limited liability company; (xvi) Dove Landing VA Portfolio VIII, LLC, a Delaware limited liability company; (xvii) Dove Landing VA Portfolio IX, LLC, a Delaware limited liability company; (xviii) Austin Texas Wildwood Apartments, LP, a Texas limited partnership; (xix) Austin Texas Wildwood Apartments, LLC, a Delaware limited liability company (d/b/a Hillside Forest Apartments, LLC); (xx) Austin Texas Clubcreek Apartments, LP, a Texas limited partnership; (xxi) Austin Texas Clubcreek Apartments, LLC, a Delaware limited liability company (d/b/a Creekside View Apartments, LLC); (xxii) Village at Riverside Apartments Texas, LP, a Texas limited partnership; and (xxiii) Village at Riverside Apartments Texas, LLC, a Delaware limited liability company (d/b/a Old Time Village Apartments, LLC).

[2] As defined in the Complaint, "**Properties**" shall refer the following twenty (20) different properties at issue: (1) an apartment complex located at 5614 & 535 Jackson Street, Sacramento, California, more commonly known as Sierra Village Apartments; (2) an apartment complex located at 4407 Oak Hollow Drive, Sacramento, California, more commonly known as Oak Hollow Apartments; (3) an apartment complex located at 483 Scott Boulevard, Castle Rock, Colorado, more commonly known as Bluffs at Castle Rock; (4) an apartment complex located at 15490 East Center Avenue, Aurora, Colorado, more commonly known as Center Pointe East Apartments; (5) an apartment complex located at 2100 S. Conway Road, Orlando, Florida, more commonly known as Palm Harbor Apartments; (6) an apartment complex located at 100 Chase Common Drive, Norcross, Georgia, more commonly known as Woodchase Apartments; (7) an apartment complex located at 3211 Mountainbrook Avenue, Charleston, South Carolina, more commonly known as Pepperhill Apartments; (8) an apartment complex located at 7501 Peppercorn Lane, Charleston, South Carolina, more commonly known as Palmetto Apartments; (9) an apartment complex located at 7610 Cameron Road, Austin, Texas, more commonly known as Wildwood Apartments; (10) an apartment complex located at 502 W. Longspur Boulevard, Austin, Texas, more commonly known as Club Creek Apartments; (11) an apartment complex located at 1500 Crossing Place, Austin, Texas, more commonly known as Village at Riverside Apartments; (12) an apartment complex located at 3038 Sewells Point, Norfolk, Virginia, more commonly known as Dove Landing Point; (13) an apartment complex located at 800-817 Broadmeadows Court, Virginia Beach, Virginia, more commonly known as Dove Landing East; (14) an apartment complex located at 4800-4808 Apple Orchard Court, Virginia Beach, Virginia, more commonly known as Dove Landing Beach (Apple Orchard); (15) an apartment complex located at 4700-4708 Maple Terrace Court, Virginia Beach, Virginia, more commonly known as Dove Landing Beach (Maple Terrace); (16) an apartment complex located at 2201 Baltic Avenue, Virginia Beach, Virginia, more commonly known as Dove Landing Baltic; (17) an apartment complex located at 609-5620 Baker Court, Virginia Beach, Virginia, more commonly known as Dove Landing West; (18) an apartment complex located at 3340-3346 Shasta Court, Virginia Beach, Virginia, more commonly known as Dove Landing Plaza Apartments; (19) an apartment complex located at 5301-5328 Justin, Virginia Beach, Virginia, more commonly known as Dove Landing North (Justin Court); and (20) an apartment complex located at 866 Broadmeadows, Virginia Beach, Virginia, more commonly known as Dove Landing Pharah.

2. Robert V. Schrader, Esq., with The Hayman Group, 5700 Crooks Road, Suite 400, Troy, Michigan 48098 (telephone: 248.879.4711) who is not a party, attorney or other person interested in this action, is appointed to act and serve as receiver ("**Receiver**") with respect to the Properties, with respect to income (of any kind) therefrom, whether now existing or hereafter collected, and with respect to any and all other property and property interests pledged or assigned to Plaintiff under the Loan Documents, as defined in the Complaint, on which Plaintiff holds a lien under the Loan Documents or in which Plaintiff otherwise has an interest under the Loan Documents.

3. Receiver is authorized, subject to the control of this Court and the laws regarding receivership, to do any and all acts necessary to the proper and lawful conduct of the receivership. Specifically, the following orders are entered with respect to Receiver:

   a. Receiver is authorized to take and have complete and exclusive control and possession of the Properties, together with any and all bank accounts, credit card receipts, demand deposits, reimbursement rights, bank deposits, security deposits and all other forms of accounts, accounts receivable, payment rights, cash and cash equivalents, along with any and all information necessary to operate the Properties, including but not limited to all security codes, combinations, passwords and other access codes and all other collateral securing the indebtedness owed to Plaintiff;

   b. Defendants and all persons acting under Defendants' direction (including any property manager) are ordered to deliver possession of the Properties to the Receiver including, all property-related information and YARDI files, without any right of offset or recoupment, along with all other collateral securing the indebtedness owed to Plaintiff, including but not limited to: (i) cash collateral (whether consisting of cash on hand, cash in any and all bank accounts or other accounts, all rights to security deposits, including but not limited to amounts that Defendants may have deposited with utility companies, and all other cash and cash equivalents) from and after February 1, 2009; (ii) all keys; (iii) all loans and communications and correspondence files relating thereto; (iv) security deposits, rent, prepaid rent, other sums relating to the use, enjoyment, possession, improvement or occupancy of all or any part of the Properties and any accounts of any of the foregoing from and after February 1, 2009; (v) a current list of the occupants of the Properties, including data with respect to each occupant; (vi) any and all accounts receivable and accounts payable reports from and

        after February 1, 2009; (vii) any and all contracts in effect with respect to the Properties and all communications and correspondence pertinent thereto; (viii) any and all contracts, bids or other materials relating to any contractor work at the Properties; (ix) any and all payroll records, employee files, applications and other materials relevant to those persons employed at the Properties; (x) any and all insurance policies and certificates covering the Properties, and all communications and correspondence pertinent thereto; (xi) any and all bank statements relating to any accounts associated with the Properties; and (xii) any and all other records pertaining to the management of the Properties;

c.     Defendants and any persons acting under Defendants' direction (including any property manager) are (i) directed to deliver the Properties to Receiver; (ii) enjoined from in any way disturbing the possession of the Properties or other property that is the subject of the Court's Order; (iii) prohibited and restrained from disposing of, dissipating, mishandling or misappropriating any of the Properties or other such property; (iv) prohibited from taking any actions that would, directly or indirectly, have an adverse impact on the value of the Properties; (v) prohibited and restrained from canceling, reducing or modifying any and all insurance coverage in existence with respect to the Properties; and (vi) prohibited and restrained from collecting any rents or other sums due to Defendants, all until further order of the Court;

d.     Effective immediately, Receiver is ordered to take any and all actions Receiver deems reasonable and appropriate to prevent waste to the Properties and to preserve, secure, manage, maintain and safeguard the Properties and all other forms of property to which Receiver is entitled to take possession and control under the Court's Order;

e.     Receiver is vested with the books and records of Defendants with respect to operation of the Properties and other property subject to the Court's Order, including any and all information related to: (i) rent rolls and leases affecting the Properties; (ii) amounts paid by lessees and other obligors of Defendants; (iii) liens, encumbrances and other interests against or affecting the Properties; (iv) property taxes owed by Defendants; (v) all types of insurance affecting the Properties; (vi) plans, specifications, surveys and drawings of the Properties; (vii) access codes to any of the Properties; (viii) all operating and bank statements of Defendants; and (ix) all other aspects of the Properties;

f.     Receiver is authorized to (i) continue to manage, operate, lease and market for lease and sale the Properties and to employ such managers, agents, employees, servants, accountants and attorneys as may in his judgment be advisable or necessary in the management, conduct, control or custody of the affairs of Defendants and its assets; (ii) make payments and disbursements in the ordinary course of business and to make such

       payments and disbursements as may be needed and proper for the preservation of the Properties and other property of Defendants; and (iii) pay net income from the Properties to Plaintiff, in reduction of the indebtedness owed to Plaintiff by Defendants;

g.   Receiver is authorized, with approval of the Court and Plaintiff, to market for sale and to sell the Properties and other collateral or facilitate an assumption of the Loan, as defined in the Complaint, and execute on Defendant's behalf any necessary documents in connection with such assumption;

h.   Receiver is authorized to receive and collect any and all sums due or owing to Defendants in any manner related to the Properties, whether the same are now due or shall hereafter become due and owing, to deposit such sums into an account established and maintained by Receiver, and to expend such sums on the operation and management of the Properties in the ordinary course of its business;

i.   Receiver is authorized to institute, prosecute, defend, compromise and/or intervene in or become a party to such actions or proceedings in state or federal courts necessary for the protection, maintenance and preservation of the assets of Defendants and to carry out the terms of this order appointing Receiver, including but not limited to, the collection of rents and other amounts now or hereafter becoming due, the removal of tenants or other persons from the Properties and/or the defense against any action brought against Receiver acting in such capacity;

j.   Receiver is authorized to maintain appropriate property insurance for the Properties, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, burglary and theft insurance and other types of insurance normally obtained in connection with the operation and management of the Properties; and is authorized to continue any current policies in place and to purchase further insurance as Receiver deems appropriate;

k.   Receiver is authorized to pay all current and past due real estate taxes, personal property taxes and any other taxes and assessments against the Properties;

l.   Receiver is authorized to prepare and file tax returns with respect to the Properties, and other property subject hereto, as may be required by law, provided, however, Receiver is not responsible for the preparation of tax returns for Defendants or any of its affiliates;

m.   Receiver and Plaintiff are authorized to enter into further lending transactions by which Plaintiff may lend monies to Receiver (on a nonrecourse basis as to Receiver) to enable Receiver to perform his duties

hereunder, which shall be secured by a first and prior lien and security interest on the Properties and on all other collateral of Plaintiff, in favor of Plaintiff as security for such on the same terms and conditions set forth in the Deed of Trust, as defined in the Complaint;

n. Receiver is authorized to: (i) negotiate and enter into new leases, occupancy agreements and contracts in the ordinary course of the business of the Properties; (ii) modify existing leases, occupancy agreements and contracts in the ordinary course of the business of the Properties; (iii) pay all utilities, expenses and other obligations secured by the Properties or which may give rise to liens on the Properties, and all other outstanding obligations to suppliers and service providers in the ordinary course of business, including obligations incurred prior to the commencement of the receivership, so long as Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; (iv) make repairs necessary to the maintenance of the Properties in order to preserve the Properties in the ordinary course of business; and (v) comply with all requirements and regulations applicable to the Properties;

o. Receiver is permitted to apply income from the Properties, subject to the lien rights of Plaintiff, as follows: (i) Receiver's approved fees and expenses; (ii) the current operating expenses of the receivership in the ordinary course of business; (iii) the obligations owed to Plaintiff under the Loan Documents; and (iv) such other obligations incurred;

p. Receiver is permitted to maintain sufficient cash on hand to enable Receiver to meet those expenses, the payment of which is authorized herein, in an amount to be agreed to between Receiver and Plaintiff;

q. Except in the event of gross negligence, willful misconduct or actions in violation of orders of the Court, Receiver has no personal liability for any obligations incurred in the course of the receivership, any and all such liabilities being limited to the assets (including the cash and cash equivalents) received and generated by Receiver in the course of the receivership, subject to the existing lien of Plaintiff, and Defendants hold Receiver harmless except in connection with any willful misconduct or gross negligence by Receiver; and

r. The authority granted to Receiver be self-executing.

4. This Court finds that the Receiver shall not be required to obtain a cash bond or surety bond guaranteeing performance of the duties and obligations of the office of its receivership as described in this Order.

5. To ensure the orderly operation of the receivership and maximize the value of the assets, Receiver shall be compensated as follows:

    a. Receiver, his employees and retained professionals shall prepare periodic statements of services rendered and time expended during the course of the receivership. Those periodic statements shall be filed with the Court and made available to the parties in this litigation.

    b. Unless a party files a written motion objecting to the payment of a periodic invoice within twenty (20) calendar days of receipt of the invoice, Receiver is authorized to pay the invoice. In the event that a written objection to the payment of the claim is timely made with the Receiver and the Court, the objection should be set for hearing by the objecting party as soon as possible.

    c. Until an Order is entered concerning any objection filed, Receiver shall be authorized to pay only eighty percent (80%) of the fees stated in the invoice at issue and shall hold back payment of twenty percent (20%) of the charge for fees stated in said invoice.

6. Plaintiff herein is granted an equitable interest in the Property, and Plaintiff is empowered with the same authority to dispose of or preserve the Property as awarded to Receiver above, subject to the prior written approval of this Court as necessary.

7. Receiver will, within (30) days of qualification and appointment, file in this action an inventory of all property of which Receiver has taken possession. If Receiver subsequently comes into possession of additional property, Receiver will file a supplemental inventory as soon as practical.

8. In order to promote judicial efficiency, all persons who receive actual or constructive notice of this Order are enjoined in any way from disturbing the receivership assets or from prosecuting any new proceedings (including collection or enforcement proceedings) that involve Receiver, the receivership assets or the Property unless such person or persons first obtains the permission of this Court.

9. Within ten (10) days after entry of this Order, Plaintiff shall file a copy of the Complaint and a copy of this Order in each additional district where the Properties at issue in this action are located.

11. Defendants shall fully cooperate with Receiver in adding Receiver, any management company retained by Receiver, and Plaintiff, if necessary, as additional insureds, and Plaintiff as the loss payee on all insurance relating to the operation and management of the Property including, but not limited to, fire, extended coverage, auto and van coverage, property damage, liability, fidelity, errors and omissions, and workers compensation, and modifying the policies if deemed appropriate by Receiver. Defendants and all persons acting under its direction are prohibited from canceling, reducing, or modifying any and all insurance coverage in existence with respect to the Property.

12. No lien, claim or other security interest in any property affected by this receivership will in any manner be affected by this Order. Any party's failure to oppose the appointment of Receiver, any party's consent to the appointment or any party's procurement of the appointment will not constitute waiver of any lien, claim or right.

13. Any person or any agent of any person, with actual notice of this Order shall not interfere with any property in the control of Receiver or subject to this Order, nor interfere with Receiver in the carrying out of any duty under this Order.

14. All third parties (including but not limited to financial institutions) in possession of assets subject to this Order are hereby ordered to turn over such assets to Receiver within five (5) business days of receipt of a copy of this Order.

15. This receivership will continue in effect until further order of this Court.

Signed this 6th day of August 2009.

*/s/ Sam Sparks*
JUDGE PRESIDING

A true copy of the original, I certify.
Clerk, U.S. District Court

By /s/ K. Wallace
Deputy

AGREED:

FULBRIGHT & JAWORSKI, L.L.P.

_____
Norlynn B. Price (Attorney-in-Charge)
State Bar No. 02499050
nprice@fulbright.com
Melissa A. Davis
State Bar No. 00792995
mdavis@fulbright.com

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

Paul Trahan
State Bar No. 24003075
ptrahan@fulbright.com

600 Congress Avenue, Suite 2400
Austin, Texas 78701-2978
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

ATTORNEYS FOR PLAINTIFF

STECKBAUER WEINHART JAFFE, LLP


_____
James M. Gilbert

333 S. Hope Street
36th Floor
Los Angeles, CA 90071
Phone: (213) 229-2868
jgilbert@swjlaw.com
(not admitted in the Western District of Texas)

ATTORNEYS FOR DEFENDANTS

AGREED:

FULBRIGHT & JAWORSKI, L.L.P.

---

Norlynn B. Price (Attorney-in-Charge)
State Bar No. 02499050
nprice@fulbright.com
Melissa A. Davis
State Bar No. 00792995
mdavis@fulbright.com

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

Paul Trahan
State Bar No. 24003075
ptrahan@fulbright.com

600 Congress Avenue, Suite 2400
Austin, Texas 78701-2978
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

ATTORNEYS FOR PLAINTIFF

STECKBAUER WEINHART JAFFE, LLP

---

James M. Gilbert

333 S. Hope Street
36th Floor
Los Angeles, CA 90071
Phone: (213) 229-2868
jgilbert@swjlaw.com
(not admitted in the Western District of Texas)

ATTORNEYS FOR DEFENDANTS